# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 24-1786V

| | |
|---|---|
| ESTELLA FLUAITT, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: August 4, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Elizabeth Hess, Shannon Law Group, Woodridge, IL,* for Petitioner.

*Naseem Kourosh, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON JOINT STIPULATION[1]

On October 31, 2024, Estella Fluaitt filed a petition for compensation under the National Vaccine Injury Compensation Program, which she amended on November 14, 2024, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza ("flu") vaccine received on September 25, 2023. Amended Petition at 1; Stipulation, filed August 4, 2025, at ¶¶ 2-4. Petitioner further alleges that she received the flu vaccine in the United States, her pain and impairment have continued for more than six months, and there has been no prior award or settlement of a civil action for damages on Petitioner's behalf as a result of her condition. Amended Petition at ¶¶ 2, 26, 29, 30; Stipulation at ¶¶ 3-5. "Respondent denies that petitioner sustained a SIRVA Table injury; denies that the vaccine caused petitioner's alleged shoulder injury, or any other injury; and denies that petitioner's current condition is a sequela of a vaccine-related injury " Stipulation at ¶ 6.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Nevertheless, on August 4, 2025, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

> A. **A lump sum of $70,141.35, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner**; and
>
> B. **A lump sum of $7,165.28, representing reimbursement of a Medicaid lien for services rendered to Petitioner, in the form of a check payable jointly to Petitioner and the State of Illinois:**
>
>> **Optum**
>>> **Federal Tax Identification number 41-1858498**
>>> **Attn: Marteans Collins, Recovery Specialist**
>>> **Optum Event Number: 97535798**
>>> **Patient: Estella Fluaitt**
>>> **Health Plan: Aetna Better Health of Illinois**
>>> **Date of Loss: 9-25-2023**
>> **P.O. Box 182643**
>> **Columbus, OH 43218**
>
>> **Petitioner agrees to endorse this check to Optum.**

Stipulation at ¶ 8. These amounts represent compensation for all items of damages that would be available under Section 15(a). *Id.*;

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

### IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### OFFICE OF SPECIAL MASTERS

ESTELLA FLUAITT,

                  Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                  Respondent.

No. 24-1786V (ECF)
Chief Special Master Corcoran

### STIPULATION

The parties hereby stipulate to the following matters:

1. Estella Fluaitt, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 *et seq.* (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received an influenza vaccine on September 25, 2023, in the left arm.

3. The vaccination was administered within the United States.

4. Petitioner alleges that petitioner sustained a shoulder injury related to vaccine administration ("SIRVA") as set forth in the Table. Petitioner further alleges that petitioner experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on petitioner's behalf as a result of petitioner's condition.

6. Respondent denies that petitioner sustained a SIRVA Table injury; denies that the vaccine caused petitioner's alleged shoulder injury, or any other injury; and denies that petitioner's current condition is a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(l), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

A. A lump sum of **$70,141.35** payable to petitioner, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner; and

B. A lump sum of **$7,165.28**,[1] representing reimbursement of a Medicaid lien for services rendered to petitioner, in the form of a check payable jointly to petitioner and the State of Illinois:

> Optum
> > Federal Tax Identification number 41-1858498
> > Attn: Marteans Collins, Recovery Specialist
> > Optum Event Number: 97535798
> > Patient: Estella Fluaitt
> > Health Plan: Aetna Better Health of Illinois
> > Date of Loss: 9-25-2023
> PO Box 182643
> Columbus, OH 43218

Petitioner agrees to endorse this check to Optum.

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that the State of Illinois may have against any individual as a result of any Medicaid payments that the State of Illinois has made to or on behalf of petitioner as a result of her alleged vaccine-related injury suffered on or about September 25, 2023, under Title XIX of the Social Security Act, *see* 42 U.S.C. § 300aa-15(g), (h).

ENV85547154-3343-FDCF-3576-DCDA
07/29/2025 15:17 PM UTC

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.  Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.  Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.  The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

13.  In return for the payments described in paragraphs 8 and 9, petitioner, in petitioner's individual capacity, and on behalf of petitioner's heirs, executors, administrators, successors or

3

assigns, does forever irrevocably and unconditionally release, acquit and discharge the United

States and the Secretary of Health and Human Services from any and all actions or causes of

action (including agreements, judgments, claims, damages, loss of services, expenses and all

demands of whatever kind or nature) that have been brought, could have been brought, or could

be timely brought in the Court of Federal Claims, under the Vaccine Program, 42 U.S.C.

§ 300aa-10 *et seq.*, on account of, or in any way growing out of, any and all known or unknown,

suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to

have resulted from, the influenza vaccination administered on September 25, 2023, as alleged by

petitioner in a petition for vaccine compensation filed on or about October 31, 2024, in the

United States Court of Federal Claims as petition No. 24-1786V.

14.  If petitioner should die prior to entry of judgment, this agreement shall be voidable

upon proper notice to the Court on behalf of either or both of the parties.

15.  If the special master fails to issue a decision in complete conformity with the terms

of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties'

settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.  This Stipulation expresses a full and complete negotiated settlement of liability and

damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the

parties hereto to make any payment or to do any act or thing other than is herein expressly stated

and clearly agreed to.  The parties further agree and understand that the award described in this

Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

ENV85547154-3343-FDCF-3576-DCDA
07/29/2025 15:17 PM UTC

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Service that the influenza vaccine caused petitioner's alleged injury or any other injury or petitioner's current disabilities, or that petitioner suffered an injury contained in the Vaccine Injury Table.

18.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

ENV85547154-3343-FDCF-3576-DCDA
07/29/2025 15:17 PM UTC

Respectfully submitted,

**PETITIONER:**

*Estella Fluaitt*

ESTELLA FLUAITT

| | |
|---|---|
| **ATTORNEY OF RECORD**<br>**FOR PETITIONER:** | **AUTHORIZED REPRESENTATIVE**<br>**OF THE ATTORNEY GENERAL:** |

| | |
|---|---|
| *E. Hess* | *Heather L. Pearlman* |
| ELIZABETH HESS | HEATHER L. PEARLMAN |
| Shannon Law Group, P.C. | Deputy Director |
| 6825 Hobson Valley Drive, Suite 101 | Torts Branch |
| Woodridge, IL 60517 | Civil Division |
| (312) 578-9501 | U.S. Department of Justice |
| ehess@shannonlawgroup.com | P.O. Box 146 |
| | Benjamin Franklin Station |
| | Washington, DC 20044-0146 |

| | |
|---|---|
| **AUTHORIZED REPRESENTATIVE**<br>**OF THE SECRETARY OF HEALTH**<br>**AND HUMAN SERVICES:** | **ATTORNEY OF RECORD FOR**<br>**RESPONDENT:** |

| | |
|---|---|
| **Jeffrey S.** Digitally signed by<br>**Beach -S** Jeffrey S. Beach -S<br>Date: 2025.07.22<br>13:26:42 -04'00'      for | |
| CAPT GEORGE REED GRIMES, MD, MPH | NASEEM KOUROSH |
| Director, Division of Injury | Trial Attorney |
| Compensation Programs | Torts Branch |
| Health Systems Bureau | Civil Division |
| Health Resources and Services | U.S. Department of Justice |
| Administration | P.O. Box 146 |
| U.S. Department of Health | Benjamin Franklin Station |
| and Human Services | Washington, DC 20044-0146 |
| 5600 Fishers Lane, 08W-25A | (202) 305-1159 |
| Rockville, MD 20857 | Naseem.Kourosh@usdoj.gov |

Dated: _8/4/2025_

6